UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEN MIAO LIN,<br><br>    Petitioner,<br><br>  v.<br><br>JOHN TSOUKARIS, et al.,<br><br>    Respondents. | Civ. Action No. 25-5652 (JXN)<br><br>**ORDER TO ANSWER** |

**NEALS**, District Judge

  Before the Court is Petitioner Sen Miao Lin's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Petitioner's Motion for Order to Show Cause (ECF No. 4). Also before the Court is a Motion for *pro hac vice* admission of attorney Theodore N. Cox to represent Petitioner in this matter. (ECF No. 2.)

  Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted. As the Court is ordering an answer, the Motion for Order to Show Cause (ECF No. 4) will be dismissed as moot.

  A motion for admission *pro hac vice* is governed by Local Rule 101.1(c), which provides, in relevant part:

> (1) Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in

the discretion of the Court, on motion, be permitted to appear and participate in a particular case. The motion shall contain a certified statement of the applicant disclosing each bar in which the applicant is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar; ... The motion shall also contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction. . . An attorney admitted *pro hac* vice shall have the continuing obligation during the period of such admission promptly to advise the Court of the disposition made of pending charges or of the institution of new disciplinary proceedings.

(2) The order of the Court granting a motion to appear *pro hac vice* shall require the out-of-state attorney to make a payment to the New Jersey Lawyers' Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). This payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in the Court.

(3) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment of $250.00 on each admission payable to the Clerk, USDC.

(4) If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his or her specially admitted associate of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. A lawyer admitted *pro hac vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

Local Civil Rule 101.1(c).

Here, Theodore N. Cox, Esq., who is seeking admission *pro hac vice*, has submitted a motion through local counsel of record, Allen Pollack, Esq. that contains a certified statement that comports with Local Civil Rule 101.1(c). (*See* ECF No. 2.) Attorney Cox affirms that he admitted to practice before the New York Supreme Court and various District Courts, that he is a member in good standing, and that no disciplinary proceedings are pending against him. (*Id.* at 4-5.)

2

Accordingly, Attorney Cox will be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

Accordingly,

**IT IS**, on this 23rd day of June 2025,

**ORDERED** that Petitioner's Motion for Order to Show Cause (ECF No. 4) is **DISMISSED as moot**; it is further

**ORDERED** that the Clerk of the Court shall add the Warden of Delaney Hall Detention Facility as a Respondent[1]; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within thirty (30) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

---

[1] The proper respondent is the "immediate custodian," i.e., the person with the power to produce the petitioner before the court and to release him if proper to do so. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing 28 U.S.C. § 2243).

3

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filing; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

**ORDERED** that the motion for *pro hac vice* admission of Theodore N. Cox, Esq. (ECF No. 2) is **GRANTED**; it is further

**ORDERED** that Theodore N. Cox, Esq., a member in good standing of the bar of the State of New York, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); it is further

**ORDERED** that all pleadings, briefs and other papers filed with the Court shall be signed by Allen Pollack, Esq., attorney of record for Petitioner, who is admitted to the Bar of this Court,

4

and who shall be held responsible for said papers, for the conduct of the case, and the conduct of the attorney admitted *pro hac vice* pursuant to this Order; it is further

**ORDERED** that unless previously paid for in the current calendar year, Theodore N. Cox, Esq. shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Theodore N. Cox, Esq. shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this Order; it is further

**ORDERED** that Theodore N. Cox, Esq. shall be bound by the Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civ. R. 103.1, *Judicial Ethics and Professional Responsibility*, and Local Rule 104.1, *Discipline of Attorneys*; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Theodore N. Cox, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; it is further

**ORDERED** that local counsel, Allen Pollack, Esq., may file a request with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter, the form of which is available at the Court's website; it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

JULIEN XAVIER NEALS
United States District Judge

5